Very well, so we have Simulados Software v. Photon Infotech Private, Ltd. Mr. Larza and Mr. Sargent, I just wanted to mention to both of you on behalf of the court, our staff, as you know, evaluates cases when they come in, and they made this case appear to be far, far, far more complicated than it appears to be. With the good job that you did in your briefs, you're entitled to your 20 minutes, but the court strongly encourages both of you to use far less than that amount of time in presenting your case, if you will, please. So, Mr. Sargent, you're first, representing Photon. Please proceed. Thank you, Your Honor, and good morning. May it please the court, my name is Chris Sargent, and I represent Appellant Photon Infotech Private, Ltd., and I would like to reserve at least five minutes for rebuttal, if possible. Go ahead, speak your eyes. Thank you, Your Honor. My client's here today because we're requesting that the contract between the parties and applicable law be consistently applied between both parties. And the fundamental error we believe that this court made is that court's order provided benefits to the respondent in the form of contract damages and attorney's fees, while also taking away my client's protections of limited liability under that same contract. In addition to that key inequity, there are two complicating factors making this a little more difficult than the average case, and they both result from choices that the respondent made here. First, respondent chose to seek precision on its fraud claim far too late, and second, respondent chose to seek at trial the exact same remedy for both its contract and its tort claims. On the first point, respondent chose to try and rescind the contract, leading to the prior reversal by this court. And in that decision, this court held that respondent succeeded on the merits of the contract claim and was entitled to damages under that claim in the amount of approximately $18,000 and reversed the order granting rescission. However, in the order at issue on the first appeal here, the district court did not address this complication at all, especially the part of the decision regarding damages for breach of contract. Instead, the district court delighted that and just awarded damages under the tort theory. We submit that that's an error because the prior decision of this court was law of the case that had to be addressed at odds, and the district court was without power to ignore this court's findings on contract damages. And this is a material issue because there can't be a double recovery, as was warned in the prior decision. Let's say that we agree completely there can't be a double recovery based upon the same allegations. But in this case, it seems like California states that fraud is an example of a tort that's independent of a contractual breach. So why does the economic loss doctrine bar a tort recovery of damages in this case? Admittedly, you can't get both. But why couldn't the court award a tort damages award that would not be capped by the contract? I think in light of the prior decisions of this court that if they were separate damages for fraud from the contract damages, those could have been awarded outside of the contract and outside of the economic loss doctrine. Our prior court never didn't decide that issue, did it? Correct. They did not address directly the economic loss issue. And I don't think this court even needs to get to the economic loss issue because of the bar on double recovery here. Specifically, this court did award contract damages of $18,000. That is where the starting point of the analysis should begin. And I believe they should also end because the fraud damages are duplicative. And when you look at things like the economic loss doctrine for the damages that can be awarded in fraud outside of the cost, they are for damages that are outside of the contract based on claims that are outside of the contract. Well, in this case, if I understand correctly, the fraud and the inducement is what we've been alleged here. And that is a free contractual claim. So why should the contractual liability cap apply to such a fraud claim? Because the remedy awarded on that claim was for the same exact damages that were awarded on the contract. And they were contractual foreseeable damages in the form of out-of-pocket costs and lost profits. I'm having trouble understanding your logic here. Again, correct me if I'm wrong on the facts. The allegation on the fraud was there was fraud in the inducement of the contract. That's one time period before the contract comes into effect. And you've got the contract. The damages under the contract are capped. Everybody seems to agree on that, including our previous panel. The question is whether if you have a fraud in the inducement, which is not part of the, basically they weren't part of the contract because that's what led to it in the first place. Why is that not a separate contractual, I mean, separate damage calculation? Because they did not seek separate damages on that basis on those frauds at trial. The damages that they thought and were awarded by the jury were the same exact damages on the contract as in the fraud claim. So you're saying that the jury didn't say this is for fraud, this is for contract. Correct. The plaintiff, the simulators at trial asked for two measures of damages in the form of lost profits and out-of-pocket expenses on both its fraud and its contract claims. The jury awarded those same damages to the dollar on both claims in the special verdicts form. So there's no distinction. This is where, this is why I think the Lazard decision is instructed here. I get that you can't pay. So let's assume I agree with you on all of that. You can't pay them for both under the bar on double recovery. And you can only pay up to $18,000. It's over $18,000 what the jury awarded, but you can only pay up to $18,000 on the contract. So why then can't the party sort of elect and say, I don't want my $18,000, which is less. I want, it's the same damages. I don't want double recovery, but I want the same damages, but in the tort bucket. The place to make that election would have been either during or before trial. I think that's what your argument has to be. But I don't, first of all, I don't see that the prior panel said that. And I'm not sure that what case law do you have for the fact that like you got to make that election up front. I understand you can't get double recovery, but I'm not, it's not clear to me that you have to decide at the beginning of the lawsuit. I mean, the way, I don't know that there's any case law directly on point. And I've looked for it. The specific situation that we're dealing here where you have the interaction of two claims with the same remedy and a limitation of liability. I think that's one of the things I've been struggling with here. And so I think that when you look at these kinds of cases, this is where the economic loss doctrine may have some impact. Where when you look at issues, where you're looking at economic issues, contract remedies, the contract issue controls. And that is what the large decision of the California Supreme Court says. That you look first for remedies and contracts and you can't recover. That seems to me a slightly different issue, which is the issue of whether or not the loss limitation that the $18,000 applies also to torts. If it applied to torts, I agree. You couldn't get $18,000 for torts and $18,000 for call. That would be an interesting question. Because maybe one part of the damage is for torts. So you're not getting a double recovery, right? But that's a different question than I think what I was asking earlier. Which is if you are, you know, even your point earlier was if you're getting damages and they're the same damages for both, right? The same damages for the tort violation and for the contract violation. But you're limited on the, you're limited on what you could get for torts. And so why can't you just pick, I mean for a contract, why can't you just pick the tort one? And if there's no case law, why can't you just pick the tort one? I don't, you're saying, I think you're backing into because $18,000 limit applies to the tort. But that's a separate question, right? It's certainly a separate question whether or not the limitation of liability applies to the fraud claim. And my argument is based on double recovery principles. I think the answer, I would also frame it perhaps a different way in your question. Which is where is the authority that allows them to elect which claim they get to recover on post trial and post special verdict. Doesn't California law, I know there is a presumption that you're going to look to the contract damages. But fraud is an exception to that, is it not? Fraud is an exception to certain, to the limitations of liability. To the presumption that you look to the contract. No, I mean, well, our case is a fraud case, your honor. And it says in the contact fraud claim that for the damages that overlap between fraud and contract, you look to the contract first. Well, perhaps I misunderstand, you can correct me on this. But my understanding is that when you have both a tort and a contract claim. And that the presumption is that you look for contract damages. But I understand the case law from California to say that when fraud is involved, that's not necessarily the case. That's an exception. Is that not correct? I don't believe that that is correct. What can you cite to that effect? The Lazar decision. Okay. I think that because the reason why I think that's destructive is because it delineates on fraud damages. Between the damages that overlap with the contract damages and the damages that are independent from fraud. And it says where the damages overlap in both contract and fraud. You look to the contract first. And where the damages down only in fraud. That is the exception. And those damages can be awarded in addition to or outside of the contract. But that doesn't address. That doesn't address. I mean, that's all about you can't get double recovery. So I understand that. But once you. I mean, if you had a contract that said you get $1 is what we're limiting contractual damages. You know, some sort of. Then that's kind of a different issue. You can look to the contract first. But then once you determine that you can only get $1 for contract. It doesn't go further and say. Then you can't say instead I'll take my tort damages. Does it? The contract. I don't think the contract says that. Correct. But the California California case law doesn't say that you can't. It says you look to the contract first. But but I don't think I don't think these cases you're you're talking about are dealing with the situation where your contract damages are reduced beyond where you recover. What you can recover under contract is reduced because of a clause like this. In other words, the whole point of the case is to prevent double recovery. But you're not going to get double. You're not going to get double recovery because you're limited in what you can get for recovery on the contract. I understand. The difficulty is then if they recover under the contract, they're required to recover. I believe we're required to recover under the contract first. So then what happens to them? And you're right that there's now because of the unique facts of this case that I don't think have been addressed by the California courts directly before where that is subject to a limitation of liability. What happens to that gap? And it's just not clear to me that I mean, a rule against recovery is very logical. It makes sense. Right. I mean, we could. But but a rule that like the double recovery bars you from getting from getting from moving on to your tort damages when your contract damages are limited doesn't necessarily follow from the logic of a double recovery. So maybe you would say you get the first eighteen thousand dollars out of out of contract and then you have to subtract eighteen thousand from your course, something to prevent you from getting double recovery. But it's not clear to me that you're relying on recovery to say you just don't get tort damages at all. But that's not a double recovery in this case because of the limitation on your contract damages. I actually would suggest that it is because the way that it works is they were awarded the full three hundred nine thousand dollars contract. And then under that contract, that amount was reduced. So they're a complete remedy. It's almost like you're saying it's almost like you're saying a rule against double liability, not double recovery. The concept of actually getting the money, I think I think to some extent that's true, that they they got their recovery from the contract claim and that they part of the issue is these are foreseeable damages here that were awarded under the broad theory to the parties. These are sophisticated commercial parties. They knew the contract they were signing. The limitation of liability. OK, if it's fraud and inducement, as Judge Smith mentioned, I think it's fraud and inducement. And it's hard for me to see how that's foreseeable damages. Right. I mean, the point is I was misled. Right. So I was misled. I mean, only in a sense that every contract I enter into, I guess I could guess that somebody may be lying to me about important elements of that contract. But how is that foreseeable? Because the damages that they were awarded here that were foreseeable, not necessarily the fraud itself. The damages they were awarded here were the exact same damages they were awarded in contract. They couldn't have been awarded to them in contract if they weren't contract damages and they weren't foreseeable. So let me let me go back for a moment to the question I asked before. The case that I was looking at was Ehrlich versus Finances, which is a California Supreme Court case that indicated that the presumption is like the contract damages. But if you've got a fraud, you can have a separate recovery, if you will. Do you know about that case? You're familiar with that case? I am not. OK. All right. You want to save time. I mean, it's up to you. Yes. Thank you. Very well. All right. Mr. Larsa, please proceed. Thank you, Your Honor. My name is Joe Lanza. And I apologize. I said Larsa. It's quite all right, Your Honor. I represent Simulata Software, the plaintiff aptly in this case. I think Judge Van Dyke hit the nail on the head when he suggested that you take the 18000 and award that first. And then you reduce the fraud damages by 18000 and award the fraud damages. And that's what I actually argued in the brief and before the district court. And there is clear California authority that supports that resolution as there is. So that was the district court. I thought district court basically just pushed aside the contract and then went. That is what the district court did. That is not you. You are correct. The court just pushed aside the contract award and awarded the fraud damages only. My argument in the brief and also to the district court is that it should have done the offset. OK. And I can argue that on appeal without bringing the cross point, because as long as I'm not arguing for a judgment that enlarges or a result that enlarges the judgment, I can argue any theory to affirm the underlying judgment, even one not considered by the trial court. And the citation for that that the court may want is Corbello versus Valley 974 F3rd 965. That is a Ninth Circuit case and that relies on a U.S. Supreme Court case. Jennings versus Stevens 135 Supreme Court 793. I think the proper result is to offset the contract damages against the fraud damages. The California Supreme Court has done the same thing in workers' compensation cases where you have a worker who has received workers' compensation benefits, sues a third party tortfeasor and the third party tortfeasor tries to get out of the damages by saying that the worker has already been compensated. And the California Supreme Court has said, yeah, you've got double recovery on one hand, but on the other hand, you've got the potential for a wrongdoer to profit from his own wrongdoing. And of those two evils, the latter one is the worst evil. Double recovery is the lesser of two evils. So what we're going to do is we're going to offset the damages. Can I switch you to a different aspect of this case? I think we've had a good discussion about the double recovery issue, but I want to talk to you about attorney fees, something near and dear to every lawyer's heart. In this case, let's just assume, arguendo, that we conclude that the fraud claim is free contractual harm, that the liability cap doesn't apply. How can we then say, for purposes of attorney fees, that the fraud claim amounted to Simulados enforcing its rights under the contract? Well, I think that this particular clause is broad enough to support the idea of awards for pre-contract claims. Clauses that are written this broadly are generally enforced, or generally apply to any type of claim arising out of or related to the contract. I also don't believe that it's necessarily a pre-contract claim. All the terms in the contract, all the rights, all the obligations, all the words, come directly out of the negotiations. And if the other side is not playing fairly, how can you say that you're not vindicating your rights under the contract when you sue for fraud in the inducement? But that aside, I believe that this particular award, I'm sorry, this particular attorney's fees clause, is broad enough to support an award of attorney's fees on the fraud in the inducement claim, even if it is a pre-contract claim. And would we, in this case, need to send, again, it's all arguendo, so Mr. Sergeant doesn't worry here, arguendo, if we decided, as I mentioned, would, in your judgment, would we need to send the issue back to the district court to determine whether these issues are intertwined sufficiently that you need a recalculation of the attorney fees? What would we do? I believe it's a question of law, and I believe the court can make the determination, the Court of Appeals can make the determination on the appellate fees. All the fees, we did a lodestar analysis, and where we discussed which were entwined or not entwined, I believe. And so I believe this court can look at the lodestar analysis and make that determination itself, rather than remand the whole thing back for another determination of attorney's fees by the district court. So, counsel, can I, I want to ask you this question, but I also would like to hear from your opposing counsel, what he thinks, too, so he should be listening, because I'd like to hear it on your file. So on paragraph 9, it says, I'm sure you're both intimately familiar with this paragraph, enforce its rights under this agreement, whether in contract, tort, or both. So it's pretty obvious, I think, what a right under this agreement in contract would be, so I'm going to kind of mark that out for purposes of this question. So what do you think it means, enforce its rights under this contract in tort? What does that mean? I think that if there is a tort related to the performance of the contract or the formation of the contract, you can enforce that right. The California Supreme Court in Robinson Helicopter, which is the big economic law school case in California, discussed contract negotiations and how that plays in there, and the court said that parties should not be expected to anticipate fraud and dishonesty in the process of negotiating the terms of contracts. There's a little bit of an irony there. Nobody does. There's a little irony because I think you're saying that, except we did in paragraph nine, you know, because we included this provision that we should be able to get attorney's fees if for a tort, and presumably I assume you would say, and that tort includes fraud and inducement. So, I mean, in your argument that you did sort of anticipate, the parties did anticipate it in paragraph nine, that there might be a tort related to... I think there may be some irony there. I think there's irony in trying to enforce the limitations of liability clause when you fraudulently induced a contract to begin with. Simulatus doesn't get the benefit of its bargain, but Photon does. I don't see where that's fair. You know, we've talked about four different legal theories in this case that are implicated. The bargain is double recovery, economic loss rule to some extent. The bargain is profiting from one's own fraud, which is codified in 1668 of the California Civil Code, and to some extent predictability in a contract. None of those rules is served by the argument Photon puts forward. It's a roadmap to committing fraud and inducement in California. Put a liability limitation clause in your contract that says, my damages are limited to $5,000, and you're free to commit fraud and inducement in California, because that clause will bar any recovery in excess of $5,000. Again, I think the solution is offset the contract damages against the fraud damages and award one judgment in the amount of $309,000. That's what the jury found, and that solves the attorney's fees problem as well. When you say to offset the fee, the jury awarded the $300,000 plus fee for, arguably, for tort as well. Why would that be offset? Why would the contract cap be offset against that? Well, I think that's a solution that, as I said, has been promoted by the California Supreme Court, but also I would note that this court reached a similar conclusion in the ambassador case, which is cited in the brief that's Ambassador Hotel versus Weichun Investments 189F3-1017. In that case, an ambassador paid $8.5 million for stock in a company called Koppen, and they were involved in a construction project. Later, they sued Koppen for fraud and breach of contract, I believe, claiming the stock was worthless. Koppen, at the same time, sued other parties in that particular project. The jury awarded Ambassador $8.5 million, and the court calculated the difference between the $8.5 million and what it felt the stock was worth, which was zero, to come up with an $8.5 million judgment. The problem was Koppen cut a judgment for $11.4 million against the other And this court said, look, that is essentially a double recovery. I guess I'm puzzled as to how the contractual cap ought to play in this, based upon the facts as I understand them. Allegedly, fraud and the inducement, separate from the contract, if we determine that that allows your client to recover the amount that the jury awarded, why do we even get involved with the cap for the contract? Because that's capped at $18,000 and some change, but they get zero. The court awarded them zero. So why should that be a factor? Oh, well, yes, the court just decided to award fraud damages and fraud damages only. Right, but the effect was it awarded zero damages for contract because of the double recovery issue, right? Yes. I think the more appropriate remedy was to offset, but I think the district court's solution was just as valid, because you end up with one recovery that makes the plaintiff whole. The purpose of the double recovery rule is to prevent a plaintiff from being overcompensated. It's an unjust enrichment principle. And if you award only $18,000 and nothing more, well, then the plaintiff is undercompensated. So the solution is award them $309,000 in fraud, and that makes him whole, and that's what the district court decided to do. So that would be a straight affirmance, right? That would be a straight-up affirmance, yes, Your Honor. Mindful of the court's desire to limit our time, unless you all have any more questions. Do either of my colleagues have additional questions? I think not. So thank you very much, Mr. Sargent. Thank you. You have some time. You don't have to use it all, but you're welcome to use some of it. Thank you, Your Honor. I'll start by asking, trying to respond to Judge Van Dyke's question that he addressed to both of us. In terms of, you know, the language about enforcing rights, whether in contract or in tort. And I think that the tort that it could be referring to would be things like interference with contractual relations would be, to me, the most obvious one. They could also apply the tort like negligence that may- So is your position then that it would be a tort that happened if it's enforcing its rights under this agreement in tort? Is your position that it has to be a tort that happens sort of after the contract's formed, or that's related to the contract after it's formed, not a pre-contractual tort? Correct. A right, for example, a right for performance under the contract, somehow alleged to be tortious conduct. So both on my client- There's a little irony or tension in your argument, too, right? Because you're saying that's how this should be interpreted, but you're saying that the attorney's fees limitation, which is in the contract, should also reach back and apply to an attorney's fee award for a pre-contractual tort claim. My fundamental issue with the district court's order, where I think some form of reversal is needed, is the inconsistency where they were awarded tort damages and then awarded a remedy in contract for attorney's fees. One or the other of those should control here. I think California law, I thought about that, but I thought California law allows that. You can contract for attorney's fees for torts. If the language of the attorney's fees clause is sufficiently broad, which is why your question, I think, is an important one for what is the express language of this particular attorney's fees provision. I won't repeat it. We did that chart in our reply. We started with the varying clauses and how they do under California decision, and we talked about enforcing rights. Those are limited and don't apply to torts outside of the contract versus the broader issue relating to the contract. Okay, so I hear your argument. My thought would be one way you could try to rectify everything is say, if you were to read that language, enforce its rights under this agreement and tort as, I understand this is not your position, but if that is reaching a pre-contractual tort like fraud and inducement, then it wouldn't necessarily be inconsistent with that to say, well, the parties were addressing that in paragraph nine, and when they were saying you should get attorney's fees, they were also saying you should get attorney's fees for those kind of things that they agreed that, for those kind of things, right? So your argument turns on that enforcing rights under this agreement and tort does not reach. Both your attorney's fees argument, everything kind of turns on that reading. With respect to the attorney's fees clause, correct. I think the more fundamental issue is that if this attorney's fees clause is broad enough to encompass pre-contract tort claims, why isn't the limitation of liability clause as well? Why are the clauses of this contract being selectively applied to the remedies? What do you say to counsels? I mean, your opposing counsel had a pretty good point that that's pretty, I don't know what California said about this, but that's a pretty powerful point that if you allow parties to limit tort damages, then you kind of are creating a roadmap for fraud and inducement to say, I'm going to commit fraud and inducement and then when I actually induce them to enter into this contract, I'm going to limit their damages for that to $1,000. California has a remedy for that, Your Honor. It's called rescission. They could have alleged, sought rescission of the contract that would have wiped out all of these terms. They, in fact, attempted to do that. In this case, they just did it far too late. That's the remedy. Is that all that California provides for that? It doesn't allow you to sort of, if you tried to do this nefarious thing that I'm talking about, would a California court say, we're not going to limit the damages like that. We're just going to knock out that damages. California law allows for an election in a fraud and inducement case to either rescind the contract or elect to affirm the contract and sue for fraud, and it's the latter situation that we're dealing with here. And the prior panel said, too late to rescind. Correct. Well, additional comments, Mr. Sergeant? No, Your Honor. Do either of my colleagues have additional questions? Very helpful. Thank you. We thank both counsel for your very helpful argument, and thank you both for your being mindful of the court's admonition at the beginning. You've done a wonderful job in trying to be respectful of that. So we thank you both. The case just argued, Simulado Software versus Botan Infotech Private LTD is hereby submitted, and the court stands in recess until tomorrow at 9. Thank you, gentlemen. Thank you, Your Honor. This court for this session stands adjourned.
judges: Schroeder, M. Smith, Vandyke